| | |
|---|---|
| District Court, Douglas County, Colorado<br>Court Address: 4000 Justice Way, Ste 2009<br>Castle Rock, CO 80109 | DATE FILED: July 21, 2016 3:12 PM<br>FILING ID: 16719C5BA668E<br>CASE NUMBER: 2016CV30743 |
| Plaintiff: Valerie Jeffers<br><br>v.<br><br>Defendant: Equifax Information Services, LLC; Experian Information Solutions, Inc.; Trans Union, LLC; Innovis Data Solutions Inc.; and Ocwen Loan Servicing, LLC | **COURT USE ONLY** |
| Attorney for Plaintiff:<br>Matthew R. Osborne #40835<br>10465 Melody Dr, Ste 325<br>Northglenn, CO 80234<br>Phone Number: 303-759-7018<br>E-mail: matt@mrosbornelawpc.com | Case Number:<br><br><br><br><br>Division        Courtroom |
| **COMPLAINT** ||

1. Plaintiff is a resident of Parker, Colorado.

2. Defendant Equifax Information Services, LLC (Equifax) is a consumer reporting agency located in Atlanta, Georgia.

3. Defendant Experian Information Solutions Inc. (Experian) is a consumer reporting agency located in Costa Mesa, California.

4. Defendant Trans Union LLC (Trans Union) is a consumer reporting agency located in Chicago, Illinois.

5. Defendant Innovis Data Solutions Inc. (Innovis) is a consumer reporting agency located in Columbus, Ohio.

6. Defendant Ocwen Loan Servicing, LLC (Ocwen) is a mortgage servicing company located in West Palm Beach, Florida, and is the servicer of Plaintiff's mortgage loan.

7. Plaintiff filed chapter 13 bankruptcy in the US District of Colorado in September 2011.

8. Plaintiff received her chapter 13 discharge in April 2015.

9. In or around March 2016, Plaintiff accessed her credit reports with the Defendant consumer reporting agencies. Plaintiff noticed that her credit reports were incomplete and also inaccurate. More specifically, the Ocwen trade line reflected that the last payment made was in August 2015, when in reality the last payment made was March 2016. This had the effect of making Plaintiff's credit report look as though she had not made a mortgage payment in 9 months. Further, Plaintiff noticed that the Ocwen trade line did not contain any information in the payment history section, and did not include her on time payments over the past several years.

10. As of March 2016, Plaintiff was completely current on her mortgage loan with Defendant Ocwen.

11. In addition, Plaintiff also noticed that Defendant Equifax was reporting a pre-bankruptcy judgment on Plaintiff's credit report, which was inaccurate because judgments are voided upon receipt of a bankruptcy discharge in accordance with 11 U.S.C. 524. None of the other Defendant consumer reporting agencies besides Equifax was reporting this judgment.

12. Experian was reporting 2 different dates of Plaintiff's bankruptcy, on one section of Plaintiff's report Experian correctly reported that Plaintiff filed bankruptcy September 2011, but on another section of Plaintiff's credit report Experian reported that Plaintiff filed bankruptcy on March 3, 2013. Further, Experian was reporting incomplete information on a trade line for Homeward Residential including that Plaintiff had not made any payment since July 2011, which was false and misleading as Plaintiff has made payments on this loan through 2013.

13. Defendant Innovis was also inaccurately reporting Plaintiff's date of birth.

14. On March 29, 2016, Plaintiff sent a dispute letter to Defendants Experian, Equifax, Trans Union, and Innovis, which disputed the inaccurate Ocwen trade line and attached supporting documents. Further, Plaintiff asked Defendants Experian, Equifax, Trans Union, and Innovis to provide her with a complete copy of her credit file.

15. Defendants Experian, Equifax, Trans Union, and Innovis notified Defendant Ocwen of Plaintiff's dispute via the E-Oscar system, and sent Ocwen an ACDV form to fill out in connection with its response.

16. Defendant Ocwen responded to Defendants Experian, Equifax, Trans Union, and Innovis via the E-Oscar system and failed to correct the inaccurate information. Moreover, Defendant Ocwen added new inaccurate information which falsely reflected that Plaintiff was 30 days past due as of April 2016, which was false and misleading.

17. Defendants Equifax, Trans Union, and Innovis simply parroted back to Plaintiff the false information received from Ocwen and took no further action to re-investigate Plaintiff's disputes.

18. However, Defendant Experian wrote to Plaintiff that the Ocwen trade line had been deleted and then Experian attached a copy of Plaintiff's credit report, which reflected that the Ocwen trade line was still on Plaintiff's credit report and was not deleted as stated by Experian.

19. Defendants Equifax, Trans Union, and Innovis have policies and procedures in place to ensure that accounts discharged in bankruptcy are reported with a $0 balance and that the trade lines do not contain post-bankruptcy derogatory information. Nevertheless, the Defendants failed to follow their own policies and procedures and reported post-bankruptcy derogatory information about the Ocwen trade line, notwithstanding the fact the loan was involved in a chapter 13 bankruptcy proceeding, which was discharged.

20. Defendants Experian, Equifax, Trans Union, and Innovis failed to provide Plaintiff with a complete copy of her credit file as requested by Plaintiff, and in violation of the Fair Credit Reporting Act (FCRA).

## COUNT ONE, THE FAIR CREDIT REPORTING ACT (FCRA)
### (Against all Defendants)

21. Plaintiff re-alleges and incorporates the above allegations as if fully set out herein.

22. Defendants Equifax, Trans Union, and Innovis willfully and negligently violated the FCRA in the following ways: failing to provide Plaintiff with a complete copy of her credit file in violation of 15 USC 1681g, failing to follow reasonable procedures to ensure the maximum possible accuracy of the information contained within Plaintiff's consumer report in violation of 15 USC 1681e(b); and failing to conduct a reasonable re-investigation into Plaintiff's disputes in violation of 15 USC 1681i.

23. Defendant Ocwen willfully and negligently violated the FCRA, 15 U.S.C. 1681s-2(b) by failing to conduct a reasonable investigation into Plaintiff's disputes received from the consumer reporting agencies and by failing to mark the account as disputed when responding to the consumer reporting agencies.

24. Plaintiff seeks statutory damages of $1000 and punitive damages against Defendants Equifax, Trans Union, Innovis, and Ocwen for their violations of the FCRA.

25. Defendant Ocwen's violations of the FCRA caused Plaintiff actual damages to be determined at trial, including the following: inconvenience, embarrassment, damage to credit score/credit rating, lost credit opportunities, and harm to reputation.

26. Defendants Equifax, Experian, Trans Union, and Innovis' violations of the FCRA caused Plaintiff actual damages to be determined at trial, including harm to reputation, embarrassment, and inconvenience.

### COUNT TWO, REAL ESTATE SETTLEMENT AND PROCEDURES ACT (RESPA)
### (Against Defendant Ocwen Only)

27. Plaintiff re-alleges and incorporates the above allegations as if fully set out herein.

28. Plaintiff's mortgage loan with Ocwen is a federally related mortgage loan.

29. In December 2015, Defendant Ocwen violated RESPA, 12 USC 2605(k)(1) (A) by obtaining a force place insurance policy and adding the cost thereof to Plaintiff's loan balance, even though Plaintiff had hazard insurance in place with Travelers Insurance, and there was no reasonable basis for

4

Ocwen to believe that Plaintiff did not have insurance in place. The force placed insurance obtained by Ocwen also violated 12 U.S.C. 2605(m) because it was not bona fide and reasonable. Indeed, the force placed insurance coverage obtained by Ocwen had less coverage than those customarily obtained on the free market, but in paradox cost exponentially more than a standard policy on the free market.

30. Ocwen's violations of RESPA have caused Plaintiff actual damages to be determined at trial, including an incorrect loan balance.

31. Ocwen has a pattern and practice of violating RESPA by adding unreasonable force place insurance fees and charges to the balance of borrowers' loans. Ocwen recently agreed to pay approximately $140 million to 399,843 borrowers to settle charges that Ocwen had artificially inflated the balance of force place insurance policies, and had been accepting kickbacks from the insurance company in exchange for exclusively selecting them to be their force place insurance company.

http://www.housingwire.com/articles/33723-ocwen-assurant-to-pay-140-million-to-settle-force-placed-insurance-suit

WHEREFORE, Plaintiff prays for the following relief:
   a. actual damages to be determined at trial;
   b. punitive damages to be determined at trial;
   c. statutory damages of $1000 pursuant to the FCRA;
   d. statutory damages of $2000 pursuant to RESPA;
   e. for such other relief as may be proper.

S/Matthew R Osborne
Attorney for Plaintiff